# IN THE SUPREME COURT OF THE STATE OF NEVADA

LISA J. GIBSON,
                    Appellant,
          vs.
THOMAS J. GIBSON,
                    Respondent.

No. 68467

**FILED**

MAY 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
          DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from two post-decrees orders entered in a divorce matter. When our review of the docketing statement and documents before this court revealed potential jurisdictional defects, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, (1) it was not clear whether the June 10, 2015, order was appealable, (2) it appeared that the June 12, 2015, order was duplicative of the June 10 order and thus not appealable, *see Campos-Garcia v. Johnson*, 130 Nev. Adv. Op. 64, 331 P.3d 890, 891 (2014), and (3) to the extent the June 10, 2015, order was appealable, it appeared that the notice of appeal was prematurely filed after the timely filing of a tolling motion but before that motion was resolved. *See* NRAP 4(a)(4); *AA Primo Builders v. Washington*, 126 Nev. 578, 585, 245 P.3d 1190, 1195 (2010) (a motion for reconsideration can be considered a tolling motion to alter or amend); *cf. Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) ("This court determines the finality of an order or judgment by looking to what the order or judgment actually does, not what it is called.").

In response to our orders, appellant concedes that the June 10 and June 12 orders are duplicative of each other. Appellant also agrees

16-15598

that the notice of appeal "may have been premature," but asserts that the tolling motion was resolved when the parties filed a stipulation and order to take the motion off-calendar pending the resolution of this appeal.

We conclude that the stipulation and order taking the tolling motion off-calendar does not constitute a disposition of the motion. Accordingly, even assuming that the June 10, 2015, order is appealable, the notice of appeal was prematurely filed from that order and we lack jurisdiction to consider it on appeal. NRAP 4(a)(6) ("A premature notice of appeal does not divest the district court of jurisdiction."). As we also lack jurisdiction to consider the superfluous June 12, 2015, order, *Campos-Garcia*, 130 Nev. Adv. Op. 64, 331 at 891, we

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Vincent Ochoa, District Judge
Robin J. Barber
Gibson Law Group
Eighth District Court Clerk